UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

                                       CASE NO. 1:13-CV-350

v.

                                       HON. ROBERT J. JONKER

JOHN DOE, subscriber assigned
IP address 107.5.177.74

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA AND
GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION
OF DEADLINE FOR SERVICE**

      This Court previously authorized service of a Third Party Subpoena to ascertain the actual identity of John Doe, a person associated with an ISP address that Plaintiff claims was used to infringe its copyrighted work. (See Order, doc. # 8.) Plaintiff has served the Third Party Subpoena but has not received a response from the ISP, presumably because the ISP's customer has filed an anonymous Motion (doc. # 9) objecting to disclosure and seeking to quash the subpoena. While most of Defendant's asserted bases for quashing the subpoena are misplaced or factually unsupported, there is a technical defect in the subpoena under Rule 45(a)(2)(C).  In particular, the subpoena calls for a return in the Eastern District of Michigan even though the subpoena is issued out of the Western District of Michigan.  The recipient of the subpoena has not complained about it, however; only Defendant has.

      Most of the reasons Defendant gives for quashing the Third Party Subpoena do not hold up on the merits. Defendant's argument that Plaintiff's work is not protected by copyright laws is misplaced, as the merits of Plaintiff's copyright infringement claim have no bearing on whether the

Third Party Subpoena was properly issued. The same is true of Defendant's argument that Plaintiff has not adequately shown that Defendant is the actual infringer in this case. Merits-based arguments are properly addressed through mechanisms other than a motion to quash.

Defendant also objects that the Third Party Subpoena was not valid under Rule 45(b)(2), since it was issued in the Western District of Michigan and, according to Defendant, served in New Jersey. However, the subpoena itself confirms that it was served, not in New Jersey, but in Bingham Farms, Michigan. (See Subpoena, doc. # 12-1, at 1.) Service of the subpoena was therefore proper under Rule 45(b)(2)(B), which provides that a subpoena may be served anywhere "within 100 miles of the place specified for . . . production." Here, the place specified for production was Bloomfield Hills, Michigan. Bloomfield Hills is just over six miles away from Bingham Farms, well within the hundred mile radius authorized by Rule 45(b)(2)(B).

Defendant's final objection to the Third Party Subpoena is that it should have been issued in the Eastern District of Michigan, since that is where production was required. See Fed. R. Civ. P. 45(a)(2)(C) (subpoena must issue "from the court for the district where the production or inspection is to be made"). Defendant may be technically correct that, under Rule 45(a)(2)(C), the Third Party Subpoena should have been issued in the Eastern District of Michigan, because the subpoena calls for production there. However, Defendant has no standing to assert this objection because Defendant is not the party subject to the subpoena. See, e.g., *Parker v. Four Seasons Hotels, Ltd.*, --- F.R.D. ----, 2013 WL 1883081, at *5-*6 (N.D. Ill. 2013); *Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.*, No. 11-24032-CIV, 2012 WL 1918704, at *2 (S.D. Fla. May 25, 2012); see also CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008) ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a

party to the action, unless the objecting party claims some right or privilege with regard to the documents sought."). It is also the case, moreover, that the attorney who signed the subpoena is authorized to practice in both the Eastern and Western Districts, and, therefore, may issue subpoenas in the name of either court. He may thus readily change the caption of the subpoena to the Eastern District, or change the return location on the existing subpoena to a place in the Western District. In no scenario is Defendant materially prejudiced by the subpoena. Accordingly, the Court will not quash the subpoena on this basis, as the subpoenaed party has not objected.

Related to Defendant's Motion to Quash (doc. # 9), Plaintiff has moved for an extension of time to serve Defendant with process (doc. # 13). An extension is warranted under these circumstances because, despite Plaintiff's reasonable, good-faith efforts, Defendant's ISP has so far refused to reveal Defendant's identity to Plaintiff, with the result that Plaintiff has been unable to actually effect service of process on Defendant. The delay occasioned by the Motion to Quash has prevented Plaintiff from obtaining the information it needs to serve Defendant with process, and this is good cause for extending the deadline for service. The Court therefore extends until September 8, 2013, the deadline by which Plaintiff must serve Defendant with process.

**THEREFORE IT IS ORDERED THAT** Defendant's Motion to Quash Subpoena (doc. # 9) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff shall have until September 8, 2013 to serve Defendant with a summons and a copy of the complaint in this case.

**IT IS SO ORDERED**.

DATED:   August 9, 2013            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE